STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

Jay P. Epps,

                Plaintiff,

v.

City of Lake City; Lovith Anderson, Jr., John
H. Whittleton, Sr., Ricky Simms, William
Hall, Pearlese Barron, and Kelvin Hanna in
their individual capacities,

                Defendants.

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT

Civil Action No.: 2014-CP-21-770

**AMENDED COMPLAINT**
(Jury Trial Demanded)

The Plaintiff, Jay P. Epps, complaining of the Defendants, would respectfully show to the Court:

## PARTIES

1.     The Plaintiff Jay P. Epps (hereinafter "Plaintiff") is a citizen and resident Williamsburg, South Carolina, and was most recently employed as the Assistant Director of the Utilities Service Department in Lake City after several years of meaningful service to his employer.

2.     The Defendant Lake City ("Lake City") is a municipal corporation in Florence County, South Carolina, with various departments and numerous employees. The City's administrative building is located at 202 Kelley St, Lake City, SC 29560.

3.     The Defendant Lovith Anderson, Jr., (hereinafter "Anderson") at all times mentioned herein was the Mayor of Lake City and upon information and belief resides in Williamsburg County, South Carolina.

1

4.    The Defendant John H. Whittleton, Sr., (hereinafter "Whittleton") at all times mentioned herein was the Assistant City Administrator for Lake City, SC, and upon information and belief resides in Florence County, South Carolina.

5.    The Defendant Ricky Simms, (hereinafter "Simms") at all times mentioned herein was the Director of the Utilities Service Department for Lake City, SC, and upon information and belief resides in Florence County, South Carolina.

6.    The Defendants Pearlese Barron (hereinafter "Barron") and William Hall (hereinafter "Hall") were at all times mentioned herein employees of Lake City and reside in Florence, SC.  The Defendant Kelvin Hanna (hereinafter "Hanna") was an employee of Lake City at the relevent times mentioned herein and resides in Lake City, SC.

7.    Jurisdiction and venue are proper in the Florence County Court of Common Pleas where this lawsuit is filed as defendants reside in Florence County, SC and the events described herein occurred in Florence County.

## FACTUAL ALLEGATIONS

8.    The Plaintiff had been employed by Lake City since November of 2008, initially as a contractor and then most recently as the Assistant Director of Public Works until 2010 and then the Assistant Director of Utilities Service Department in or around July 1, 2013 until his termination.

9.    When Plaintiff was hired as the Assistant Director of Public Works in or around May of 2010, he was told by Lake City officials that the position would be a full time job with benefits and yearly raises; and he was promised a raise by approximately July 1, 2010. Relying upon such promises, Plaintiff passed up on other professional opportunities and came to work at Lake City.

10.    After performing his duties and working for Defendant Lake City for some months very successfully, Plaintiff inquired about the raise he was told he would receive as Assistant Director of Public Works.

11.    He was then told by defendants that he could not make more than the Director of Public Works and Plaintiff was not given the raise as promised when he was hired. Plaintiff was again promised a raise by the mayor which never occurred.

12.    Plaintiff was dedicated to his job, working twelve (12) hour days in order to ensure the work was done, as well as approximately two Saturdays a month.

13.    Although he expected to receive overtime, Plaintiff was told by defendants that he would not be paid overtime but instead compensatory time that he would be able to use in its place.

14.    Plaintiff realized that it was impossible to use his compensatory time within the same pay period as he accrued the overtime and Plaintiff complained to his supervisors that it was impossible.  At the time of his termination, Plaintiff had built up over one hundred (100) hours of compensatory time. The Defendant Lake City did not calculate compensatory time at a rate of time and a half for the Plaintiff but instead at a one-to-one rate.

15.    Over the time Plaintiff worked for the City, he reported in writing numerous violations of law, fraud, and mismanagement and wrote to the Defendant Whittleton particularly during the year of 2013. Such reports of serious violations were ignored and the Defendants Whittleton, Anderson and Simms began to retaliate against the Plaintiff in order to try to build a false and pretextual case to punish and terminate the Plaintiff from his position with Lake City.

16.    The Defendants did nothing to remedy these problems as reported by Plaintiff.

17.     At other times during Plaintiff's employment, he reported numerous employees who changed their time records and were overpaid. Again, nothing was done to these employees.

18.     On or about November 26, 2013, Plaintiff was called into a meeting with defendants Anderson, Simms and others of his department. At that meeting, Plaintiff was falsely accused of wrongdoing and with serious violations of City policy including credit card fraud and further that the Plaintiff had committed serious policy and criminal violations.

19.     Plaintiff was hurt and confused over the accusations. At no time did he commit any of the wrongdoings for which he was accused of by the defendants.

20.     Plaintiff is informed and believes that in the weeks leading up to his termination, the defendants met together, schemed, planned and conspired to eliminate the Plaintiff from his position with Lake City. He was deliberately scapegoated and was treated disparately and differently from others in the department.

21.     Such meetings, plans and schemes took place for the purpose of isolating the plaintiff, falsely accusing him causing him special damages and eliminating him from his job.

22.     By letter dated January 6, 2014, Defendant Whittleton falsely accused Plaintiff of being absent from work without proper authorization, misusing the defendant City credit card for Plaintiff's own use and inability to foster good working relationships with his subordinates and supervisors. For these baseless and pretextual reasons, Plaintiff was terminated January 6, 2014.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT LAKE CITY
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

23.     The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

24.     The Defendant Lake City promised Plaintiff additional compensation for the

hours worked over his normally scheduled work hours.  Specifically, Defendant Lake City claimed they would provide compensatory time to Plaintiff instead of overtime pay.

25.     The Plaintiff accrued compensatory time hours in excess of 100 hours.  Defendant failed to provide compensatory time at the appropriate rate of a time and a half as required by law.  The Defendant terminated the Plaintiff and failed to pay the Plaintiff for the unused compensatory time.

26.     Such actions by the Defendant Lake City, performed willfully and in bad faith, are in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (2008), and amendments thereto. The Plaintiff is entitled to compensatory damages, liquidated damages, attorneys' fees and costs, and any other legal or equitable remedies available under the FLSA.

### FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT LAKE CITY
### (Violation of the S.C. Payment of Wages Act S.C. Code Ann. § 41-10-10 *et seq*)

27.     The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

28.     Alternative to Plaintiff's cause of action under the FLSA as plead in paragraphs 23 through 26 above to the extent it is conflicting, the Plaintiff alleges that the Defendant Lake City violated the Plaintiff's rights under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*  Defendant failed to pay him for the accrued compensatory time, which he was entitled to receive prior in a timely fashion prior to so many hours being accrued and also entitled to receive at the time of his termination.

29.     The Plaintiff is entitled to relief including three times the amount of wages to which he is owed (treble damages), attorney's fees, and costs for this specific cause of action.

### FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANT LAKE CITY
### (Breach of Contract, Quantum Meruit, and Equitable Estoppel)

30.    The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

31.    The Plaintiff was promised a raise in salary by representatives of Defendant Lake City when he became the Assistant Director of Public Works and again promised the same by the Mayor when he questioned the lack of raise, however the Defendant Lake City failed to provide him with the promised raise(s).  The Defendant Lake City also promised to compensate the Plaintiff for his hours worked over 40 hours per week with compensatory time.  The Defendant Lake City knew the compensatory hours accrued, yet they failed to compensate the Plaintiff for such accrued hours even when he was terminated.

32.    Such actions by Defendant Lake City constitute a breach of contract as to the agreement to pay him a higher salary and compensate him for the hours worked for which the Plaintiff is entitled to compensatory damages.

33.    Alternatively, the Plaintiff should recover in quantum meruit for the reasonable value of his services, where the Plaintiff conveyed the benefit of his services on the Defendant Lake City at a lower salary and for more hours per week than contemplated by his salary for which they realized such benefit.  The retention of such benefits by the Defendant Lake City is unequitable and the Plaintiff should be compensated for the difference in salary and unpaid compensatory time or overtime pay.

34.    Additionally, the Defendant Lake City should be equitably estopped from denying payment of the difference in salary or the accrued compensatory time.  The Defendant Lake City made false representations or concealment of material facts to Plaintiff that he would be paid a

6

higher salary and that he would be paid for his compensatory time, which the Defendant Lake City knew or should have known that the Plaintiff would act on such promises. The Plaintiff relied upon such false promises and misrepresentations to his detriment by working additional hours and being paid at a lower rate than he may have otherwise earned had he been employed elsewhere. Accordingly, the Defendant Lake City should be equitably estopped from refusing payment of the difference in salary or accrued compensatory time, and they should be ordered to pay reasonable compensation for these amounts.

**FOR A FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANT LAKE CITY
(Violation of the S.C. Whistleblower Act, S.C. Code Ann. §§ 8-27-10 *et seq*)**

35.     The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

36.     The Plaintiff reported serious waste and wrongdoing, in writing as well as orally, as to the matters herein alleged and reported the same properly to the proper person; and that the same constitutes protected activity under the South Carolina Whistleblower Act (S.C. Code Ann. 8-27-10 et. seq.).

37.     Plaintiff's reports outlined serious internal violations of the law, fraud, regulations, public policy, and standards of conduct.

38.     Plaintiff refused to resign on January 6, 2014, and was terminated thereafter.

39.     As a direct and proximate result of reports made by the Plaintiff, he has lost his job, including salary and benefits.

40.     This action is timely brought.

41.     The Defendant Lake City has violated the South Carolina Whistleblower Act and the Plaintiff is entitled to receive actual damages as provided therein in the amount of $15,000

and attorney's fees not to exceed $10,000 for this claim. Plaintiff is further entitled to reinstatement to his position as well as back pay, front pay and benefits.

**FOR A FIFTH CAUSE OF ACTION**
**AGAINST THE DEFENDANT LAKE CITY**
**(Public Policy Discharge)**

42.     The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

43.     The Plaintiff complained to his supervisors about the Defendant Lake City's failure to compensate him for the time he worked and earned wages, which is a violation of the South Carolina Payment of Wages Act.  Such complaints were made to Defendants Whittleton and Anderson as well as other Lake City personnel.

44.     The Defendant Lake City failed to address Plaintiff's concerns about his earned wages, including compensatory time, and instead terminated him in retaliation for his complaints.

45.     Such actions by the Defendant Lake City constitute termination in violation of the public policy of the State of South Carolina, including policy set forth by the S.C. Payment of Wages Act.

46.     That as a direct and proximate result of the aforesaid actions by Defendant Lake City, Plaintiff has lost his job with the City of Lake City, Plaintiff is entitled to actual damages—both tangible and intangible—and Plaintiff has also suffered the loss of future earnings as well as attorneys' fees and costs of this action.  Plaintiff is further entitled to a trial by jury on this issue.

## FOR A SIXTH CAUSE OF ACTION
## AGAINST THE DEFENDANT LAKE CITY
### (Defamation)

47.    The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

48.    Leading up to his termination, Plaintiff was falsely accused by Defendant Lake City through its employees and agent including all of the named defendants with using the Defendant Lake City's credit card fraudulently, violating the City's policies and being incompetent to do his job.

49.    That the false and pretextual grounds used against the Plaintiff to terminate him were maliciously published by the individual defendants to Plaintiff's co-workers, vendors of the City and to the public community at large.

50.    The defamatory actions and words of the individual defendants acting as agents and servants within the course and scope of their employment as set forth herein have directly and indirectly promulgated to the public at large the false insinuation that Plaintiff is unfit in his profession, incompetent and a criminal.

51.    Such a portrayal is false, known to be false, made with malicious intent to harm the Plaintiff, and in reckless disregard of the truth is defamatory *per se*; further, that the above constitutes defamation by actions as well as words and is actionable under the laws of the State of South Carolina.  Further, such defamatory actions and words are outside of or exceed the scope of any alleged privilege or immunity.

52.    That as a direct and proximate result of the aforesaid defamation, Plaintiff has lost his job with the City of Lake City, Plaintiff is entitled to nominal damages and Plaintiff has also suffered the loss of future earnings.  Plaintiff is further entitled to a trial by jury in this issue.

**FOR A SEVENTH CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS ANDERSON,**
**WHITTLETON, SIMMS, BARRON, HALL AND HANNA**
**(Civil Conspiracy)**

53.     The Plaintiff realleges paragraphs 1-22 where consistent herewith as if stated verbatim herein.

54.     Defendants Whittleton, Simms, Barron, Hall, Hanna ("Individual Defendants") and others met at various times and places, schemed, conspired, and planned in secret, outside the scope of their District duties and supervisory roles, to harass and ostracize the Plaintiff because they disliked him as a person and intended to harm him.

55.     Such actions and activities are well outside of the course and scope of their employment and done as a part of a wicked and malicious agenda to harm the Plaintiff and to cause him special damages including extreme emotional suffering, embarrassment, humiliation as well as attorneys' fees and costs.

56.     Such a combination of persons acting, planning, and scheming outside the course and scope of their employment in order to promote personal interests constitutes an unlawful civil conspiracy for which the Individual Defendants are liable.

57.     The Individual Defendants through their actions, words, and the actions of others were able to accomplish their wicked purpose and further their personal agendas against the Plaintiff, resulting in him being singled out from among his peers, ostracized, chastised at every measure, and blacklisted from employment with other districts.

58.     The Individual Defendants intentionally used their respective positions of authority to perpetuate their personal vendettas against the Plaintiff.

59.     Such a civil conspiracy on the part of the Individual Defendants, acting as set forth herein, caused the Plaintiff injuries that are personal to him, including extreme emotional

suffering from the Individual Defendants' continuous and pervasive harassment towards him as well as ostracizing and isolating him. The Plaintiff is further entitled to an award of punitive damages against these Defendants for their willful, wanton, and malicious conduct. He also seeks attorneys' fees and the costs associated with bringing this cause of action.

WHEREFORE, the Plaintiff prays for judgment against the Defendant City in the amount of $250,000.00 dollars actual damages and for attorney's fees and against the Individual Defendants for actual damages and punitive damages in an amount to be assessed by a jury. The Plaintiff further prays for the costs of this action.

Respectfully submitted,

**J. LEWIS CROMER & ASSOCIATES, L.L.C.**

BY: _____
J. Lewis Cromer (#1470)
Julius W. Babb, IV (#77216)
1522 Lady Street
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax      803-799-9533

*Attorneys for Plaintiff*

April 28, 2014
Columbia, SC

11

STATE OF SOUTH CAROLINA                 )        IN THE COURT OF COMMON PLEAS
                                        )
COUNTY OF FLORENCE                      )        TWELFTH JUDICIAL CIRCUIT
                                        )

Jay P. Epps,                            )        C.A. No. 2014-CP-21-770
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        **ACCEPTANCE OF SERVICE**
                                        )        **OF AMENDED COMPLAINT**
City of Lake City, Lovith Anderson Jr., )
John H. Whittleton, Sr., Ricky Simms,   )
Williams Hall, Pearlese Barron, and Kelvin )
Hanna in their individual capacities,   )
                                        )
            Defendants.                 )
_____)


        Service of the Amended Complaint in this action, dated April 28, 2014, is hereby

acknowledged and accepted as of May 29, 2014 on behalf of City of Lake City, Lovith Anderson Jr.,

John H. Whittleton, Sr., and Ricky Simms.

                                        Vance J. Bettis (S.C. Bar No. 689)
                                        Fred A. Williams (SC Bar 73878)
                                        GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
                                        900 Elmwood Ave., Suite 100
                                        Columbia, SC   2920
                                        (803) 799-9311 (tel)
                                        (803) 254-6951 (fax)
                                        vbettis@gsblaw.net
                                        fwilliams@gsblaw.net

May 29, 2014                            ATTORNEYS FOR DEFENDANTS CITY
                                        OF LAKE CITY, LOVITH ANDERSON JR.,
                                        JOHN H. WHITTLETON, SR., AND RICKY
                                        SIMMS